UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARLETTE MARIE DUFFY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:09-cv-00611-TWP-DML |
| ) | |
| INDIANA JUVENILE JUSTICE TASK ) | |
| FORCE, et al., ) | |
| ) | |
| Defendants. ) | |

# Order on Defendants' Motion for Sanctions

This matter is before the court on the motion for sanctions (Dkt. 60) filed by defendants Indiana Juvenile Justice Task Force, its Executive Director William Glick, and its Program Director Joann Helferich (collectively, "defendants"). The sanctions motion asks the court to enter sanctions against plaintiff Carlette Marie Duffy or her counsel because of Ms. Duffy's counsel's instructions to refuse to answer certain questions during her deposition. The defendants seek a monetary sanction in their favor in an amount the court deems appropriate, or "any other relief" the court determines is just and proper.

This is an employment discrimination case. Ms. Duffy alleges, among other things, that the defendants (a) paid her a lower salary than white employees solely because of Ms. Duffy's race, and (b) unlawfully retaliated against her, including by terminating her employment, when she filed an internal grievance regarding her lower salary.

The defendants deposed Ms. Duffy on September 20, 2010. Ms. Duffy was asked whether it was possible that Mr. Glick thought that a co-employee was doing more work than Ms. Duffy. She answered no. She was then asked whether, if Mr. Glick says that was his belief, he must be lying or could be simply mistaken. Ms. Duffy's lawyer, Mr. Gadson, objected on the

ground that the question called for speculation about Mr. Glick's state of mind and asked whether the defendants' counsel wanted to rephrase the question. Defendants' counsel replied he wanted the question answered. Mr. Gadson said his client could not know whether Mr. Glick intentionally gave inaccurate information and said his client could answer a question about whether she disagreed with Mr. Glick's conclusion, but that she could not answer as to another's state of mind. Counsel for the parties then engaged in a verbal standoff, with the defendants' counsel asking whether Mr. Gadson was going to instruct his client not to answer based on a speculation objection, and Mr. Gadson insisting that the defendants' counsel rephrase the question. Mr. Gadson instructed his client not to answer, and the defendants' counsel went on to ask similar questions about the supervisor's mind-set, which elicited the same instructions from Mr. Gadson.

The court agrees with the defendants that a speculation objection did not excuse Ms. Duffy from answering the question. She should have answered subject to the objection, and the admissibility of her answer would have been subject to a later ruling by the court if necessary. *See* Fed. R. Civ. P. 30(c)(2). Though there are instances where questions that normally must be answered become oppressive enough for the deposition to be halted and relief sought on that basis, this was not one of them. Fed. R. Civ. P. 30(d)(3).

The parties never called the court to resolve the dispute. The case management plan advises parties to request a phone status conference if they are unable to resolve discovery issues. Defendants' counsel says he suggested during the deposition that counsel call the court and that Ms. Duffy's counsel said it would be a "waste of the court's time." Defendants' counsel decided not to contact the court. Had he done so, this matter would have been resolved during the deposition, and the escalation of vitriol among counsel reflected in the sanctions briefing could have been avoided.

Despite the court's agreement that counsel's instruction not to answer was wrong, the court declines to impose sanctions. First, and most important, the court will not encourage the use of a sanctions motion to rectify a situation that would have been cleared up with a telephone call to the court, had defense counsel heeded the case management plan. Second, the disputed questions apparently were not that important to the defendants—they have not asked to reconvene the deposition to get the answers (and the court likely would not have required the plaintiff to appear again for deposition solely to answer questions about Mr. Glick's state of mind). Third, the defendants raised in their sanctions reply brief numerous matters not mentioned in their opening brief, a practice that should not be rewarded with a sanctions award. Finally, the defendants' attempt to bolster their motion with references to an earlier, unrelated sanctions order against plaintiff's counsel was an unpersuasive, unnecessary "piling on" strategy the court likewise will not encourage.

## **Conclusion**

The defendants' motion for sanctions (Dkt. 60) is DENIED.

So ORDERED.

Date: 12/20/2010

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Gregory P. Gadson
LEE COSSELL KUEHN & LOVE LLP
ggadson@nleelaw.com

Cherry Malichi
LEE COSSELL KUEHN & LOVE LLP
cmalichi@nleelaw.com

Mitzi H. Martin
BAKER & DANIELS
mhmartin@bakerd.com

Joseph C. Pettygrove
BAKER & DANIELS - Indianapolis
joseph.pettygrove@bakerd.com